IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PEREZ LEÓN [DY-2179] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| L.P. BENNING, et al. | : | NO. 02-4267 |

**O R D E R**

AND NOW, this            day of                            , 2003, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING**.

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
JAMES MCGIRR KELLY,           J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN PEREZ LEÓN    [DY-2179] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| L.P. BENNING, et al. | : | NO. 02-4267 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE            January 7, 2003

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institution ["SCI"] Greensburg, Pennsylvania, where he is serving a five to twelve year sentence for robbery, aggravated assault and related offenses. For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed without an evidentiary hearing.

**BACKGROUND**[1]

On August 10, 1997, Petitioner was arrested and charged in connection with the robbery and shooting of Jose Collazo. On May 10, 1999, a jury trial before the Honorable Michael J. Perezous of the Lancaster County Court of Common Pleas began. On the second day of trial,

---

[1] The facts in this discussion have been taken from Mr. León's habeas petition, the Commonwealth's response, and the state court records.

before the Commonwealth had rested, Petitioner tendered a negotiated guilty plea. *See* N.T. 5/10/99 at 102-104; N.T. 5/11/99 at 2-25.

The proceedings were described by the trial court as follows:

"During the trial, the victim identified Petitioner as the person who robbed him at gunpoint by stating that he could see Petitioner's eyes through a ski mask and could recognize his voice from having known him for many years. On May 11, 1999, during the course of the trial, Petitioner tendered a negotiated plea to the charges of robbery, aggravated assault and firearms not to be carried without a license. A *nolle prosequi* was entered on the charge of Persons not to Possess Firearms. Simultaneously, Petitioner tendered a negotiated plea on unrelated charges, while a *nolle prosequi* was entered on five other charges. Petitioner was sentenced pursuant to the plea agreement to an aggregate sentence of not less than five nor more than twelve years imprisonment, along with fines, the costs of prosecution and restitution. [footnote omitted]." *Commonwealth v. Leon,* No. 3277 of 1997, June 27, 2000 Decision (denying request for PCRA relief) at p.1.[2]

Petitioner did not file a direct appeal.

On September 27, 1999, Petitioner filed a *pro se* petition for relief under the Post Conviction Relief Act [PCRA], 42 Pa.C.S.A. 9541, *et seq.* Counsel was appointed. Mr. León asserted two claims of ineffective assistance of counsel as grounds for collateral relief: (1) that trial counsel was ineffective for failing to call Petitioner's alibi witnesses to testify at his trial; and (2) that trial counsel was ineffective for failing to properly cross-examine Commonwealth witnesses. *See* Memorandum in support of PCRA Motion [Document "25" in the state court records] at p. 4.

An evidentiary hearing was held on March 1, 2000. Petitioner, trial counsel, and an alibi witness testified. *See* N.T. 3/1/00.

---

[2] Attached as "Exhibit A" to the Respondents' answer [*See* Docket Entry No. 5].

In an opinion dated June 27, 2000, the PCRA Court dismissed the collateral petition, concluding that Petitioner's claims of ineffective assistance of counsel lack arguable merit. *See Commonwealth v. Leon,* No. 3277 of 1997, June 27, 2000 Decision (denying request for PCRA relief) at p. 4.

Mr. León filed a timely appeal to the Superior Court of Pennsylvania, raising the same ineffective assistance of counsel claims. *See* Notice of Appeal [Document "29" in the state court records].

The Superior Court affirmed the lower court's dismissal of the PCRA petition. With regard to Petitioner's first ineffective assistance of counsel claim, the Superior Court concluded, applying the Commonwealth's equivalent of the *Strickland* standard, that Petitioner did not establish unreasonable conduct by trial counsel. The Superior Court declined to reach the merits of the second ineffective assistance of counsel claim, because Petitioner had failed to include any factual or legal predicate to support the claim. *See Commonwealth v. Leon,* No. 1446 MDA 2000, April 25, 2002 Opinion [Document "30" in the state court records] at pp. 4-9.

Mr. León did not seek discretionary review in the Pennsylvania Supreme Court.

On June 24, 2002, Petitioner signed and dated the instant habeas petition. It was filed in this Court on June 27, 2002.[3] As grounds for habeas relief, Petitioner asserts the two ineffective assistance of counsel claims presented in the PCRA forum. *See* Docket Entry No. 1. [attachment to habeas form, two typed pages entitled "<u>FACTS IN SUPPORT</u>."]

---

[3] For the purposes of this Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, June 24, 2002, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

The Respondents have answered Mr. León's claims, arguing that Petitioner has not exhausted his state remedies because he did not seek *allocatur* review in the Supreme Court of Pennsylvania of the denial of PCRA relief. *See* Docket Entry No. 5.

## DISCUSSION

**I. Timeliness.**

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1).[4]

In the instant case, Mr. León's state conviction became final on June 11, 1999, when the deadline for filing a timely direct appeal to the Pennsylvania Superior Court expired. Petitioner's one year statute of limitations began to run on June 12, 1999 and was tolled, for habeas purposes,

---

[4] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
   There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later in time than the date on which Mr. León's conviction became final.

while his state collateral attack in the PCRA forum was pending from September 27, 1999 through April 25, 2002. The present habeas petition, filed prior to the expiration of the one year statute of limitations (on or about January 16, 2003), is timely under §2244(d)(1).

## II.  Exhaustion.

The exhaustion rule, codified in 28 U.S.C. §2254[5], requires a federal court to postpone habeas corpus jurisdiction, absent exceptional circumstances, until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly

---

[5] The exhaustion requirements of 28 U.S.C. §2254 provide:

> (b) (1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> ( c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

presented" to the State courts. *Castille v. Peoples*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, Petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *See Picard v. Connor*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984).

On May 9, 2000, the Supreme Court of Pennsylvania promulgated Order 218, which reads:

> "AND NOW, this 9th day of May, 2000, we hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals. Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this Court will only be allowed when there are special and important reasons therefor. Pa.R.A.P. 1114. Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief. In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for the purposes of federal habeas corpus relief. This Order shall be effective immediately. *See Wenger v. Frank,* 266 F.3d 218, 224-25 (3d Cir. 2001)(*quoting* Order 218), *cert. denied*, 122 S.Ct. 1364 (2002).

The Third Circuit has held that Order 218 does not apply retroactively to defaults which occurred before the effective date of the Order. However, the Court has not yet addressed "the broader question whether the filing of a petition for discretionary review with the Pennsylvania Supreme Court is *now* 'part of the ordinary appellate review procedure in the state'[. . . ]." *Id*. at 225 (3d Cir. 2001).

Several district courts in this Circuit have interpreted Order 218, and have concluded that under this Order a state prisoner need not seek discretionary review in the Pennsylvania Supreme Court for the purposes of federal habeas exhaustion. *See Lambert v. Blackwell,* 175 F.Supp.2d 776, 784 (E.D.Pa. 2001); *Mattis v. Vaughn*, 128 F.Supp.2d 249, 260-261 (E.D.Pa. 2001); and *Riley v. Myers*, 2002 WL 31845865 at *13 n.9.

I find the analysis of these cases persuasive, and also conclude that Order 218 removes a petition for discretionary review from the ordinary appellate state review procedure. Because Mr. León's failure to seek *allocatur* review in the Pennsylvania Supreme Court occurred after the effective date of Order 218, the claims presented on PCRA appeal to the Pennsylvania Superior Court are exhausted for federal habeas purposes.

### III. Procedural Default.

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *See Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001)(when a claim has not been fairly presented to the state courts, but further state-court review is clearly foreclosed under state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default), *cert. denied,* 122 S.Ct. 1364 (2002).

Procedural default also occurs when an issue is properly asserted in the state system, but is not addressed on the merits because of an independent and adequate state procedural rule. *See Sistrunk v. Vaughn*, 96 F.3d 666, 673 (1996); and *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999)("If the final state court presented with a federal claim refuses to decide its merits based

on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed unless there is cause and prejudice or a showing of innocence.").

Procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto", or demonstrate that the failure to consider his habeas claim will result in a "fundamental miscarriage of justice." *Wenger,* 266 F.3d at 224 (3d Cir. 2001). *See also McCandless,* 172 F.3d at 260 (3d Cir.1999).

Petitioner's second habeas claim, ineffective assistance of counsel for failure to cross-examine Commonwealth witnesses in an adequate manner, was rejected by the Pennsylvania Superior Court on procedural grounds. The Superior Court's conclusion that the issue was ineligible for review, as it was "wholly undeveloped in a brief," is based upon an adequate and independent state procedural rule. *See Commonwealth v. Leon,* No. 1446 MDA 2000, April 25, 2002 Opinion [Document "30" in the state court records] at p. 9.

This procedural default precludes federal habeas review of Petitioner's second habeas claim, absent a showing of "cause" and "prejudice", or "miscarriage of justice." Mr. León has not argued, nor does the record before me suggest, that he can establish "cause and prejudice" or "fundamental miscarriage of justice," sufficient to excuse his procedural default. Absent such a showing, this court may not proceed to the merits of the second habeas claim.

**IV.  Merits Of Petitioner's First Habeas Claim.**

Petitioner's first habeas claim, ineffective assistance of counsel for incorrectly informing him that his alibi witnesses failed to appear for trial when, in fact, they were present at the courthouse and available to testify, is exhausted and properly before this court for review.

*A.  Habeas Standards of Review.*

Because Mr. León's habeas petition was filed after the effective date of AEDPA[6], the amended habeas standards apply to his first habeas claim.

AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(Supp. 1998).

In interpreting the above language, the Third Circuit has discussed the appropriate degree of deference which AEDPA requires a federal habeas court to accord a state court's construction of federal constitutional issues and interpretation of Supreme Court precedent.  *See Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3d Cir.), *cert. denied*, 120 S.Ct. 73 (1999).  The Third Circuit has held that under 28 U.S.C. §2254(d)(1), a two step inquiry is warranted. The majority agreed that:

> (1) The proper initial inquiry for the habeas court is whether the state court decision was "contrary to" Supreme Court precedent that governs the petitioner's claim.  Relief is appropriate only when the petitioner shows that "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court."  *Id.* at 891 (3d Cir. 1999).

> (2) In the absence of such a showing, the habeas court must then ask whether the state court decision represents an "unreasonable application of" Supreme Court precedent.  This inquiry is an objective one, namely, "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified."  *Matteo*, 171 F.3d at 891 (3d Cir. 1999).

---

[6] Pub.L. No. 104-132, 110 Stat. 1214, 1219 (1996), effective date April 24, 1996.

The United States Supreme Court has set forth the scope of habeas review after AEDPA. *See Williams v. Taylor*, 120 S.Ct. 1495, 529 U.S. 362 (2000). According to the *Williams* majority:

> "We [the Supreme Court Justices] all agree that state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated. [. . . ] In sum, the [AEDPA] statute directs federal courts to attend every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law. If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody– or, as in this case, his sentence of death– violates the Constitution, that independent judgment should prevail." *Williams*, 120 S.Ct. at 1511 (2000).

Under AEDPA, a federal reviewing court must presume that factual findings of state trial and appellate courts are correct. The presumption of correctness may only be overcome on the basis of clear and convincing evidence to the contrary. *See Stevens v. Delaware Correctional Center, et al.,* 295 F.3d 361, 368 (3d Cir. 2002).

> *B. The Superior Court's Rejection of Petitioner's Ineffective Assistance of Counsel Claim Is Neither Contrary To, Nor An Unreasonable Application Of, Federal Law.*

In order for a petitioner to establish ineffective assistance of counsel under the federal *Strickland* standard, he must show: [1] that counsel's performance was "deficient" and [2] that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To demonstrate that counsel's performance was deficient, the petitioner must show that counsel's representation fell below an objective standard of reasonableness based on the facts of the particular case, viewed as of the time of counsel's conduct. *Senk v. Zimmerman*, 886 F.2d

611, 615 (3d Cir. 1989)(quoting *Strickland*, 466 U.S. at 688, 690)), *cert. denied*, 493 U.S. 1035 (1990).

To establish prejudice, the petitioner must demonstrate a reasonable probability that, but for unprofessional errors, the result would have been different. This standard is less strict than the "more likely than not" standard. *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992), *cert. denied*, 507 U.S. 954 (1993). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 358 (*quoting*, *Strickland*, 466 U.S. at 694).

Because the United States Supreme Court has identified a rule which governs Petitioner's ineffective assistance of counsel claims, the *Strickland* standard "shape[s] the contours of an appropriate analysis of a claim of constitutional error to merit review of a state court's decision under section 2254(d)(1)'s 'contrary to' prong." *Matteo*, 171 F.3d at 886 (3d Cir. 1999).

In the instant case, the Superior Court, citing §9543(a)(2)(iii) of the PCRA, noted that claims of ineffective assistance of counsel in the context of an attack on the validity of a guilty plea only provide a basis for collateral relief if the ineffectiveness caused an involuntary or unknowing plea. *See Commonwealth v. Leon,* No. 1446 MDA 2000, April 25, 2002 Opinion [Document "30" in the state court records] at pp. 4-5.

Applying the Commonwealth's equivalent of the *Strickland* standard, the Superior Court concluded that Mr. León did not establish unreasonable conduct by trial counsel. The Superior Court adopted the PCRA Court's credibility determination, accepting trial counsel's testimony that he did not influence Petitioner's decision to plead guilty, and was, in fact, "stunned and surprised" when Petitioner insisted on pleading after the Commonwealth's first day of evidence. The Superior Court determined that the record supported counsel's version of Petitioner's

decision to abandon his defense in favor of pleading guilty, noting that counsel had preserved the opportunity to present an alibi defense by filing the requisite notice, had interviewed alibi witnesses and knew what their proposed testimonies would include, and had subpoenaed the alibi witnesses for trial. *Id.* at pp. 5-7.

The Superior Court further determined that Petitioner did not meet the second prong of the ineffective assistance of counsel standard. As the PCRA court found, there was no evidence to support Petitioner's contention that counsel would have foregone an alibi defense against his wishes, because Mr. León pleaded guilty before the defense commenced. *Id.* at p. 8.

The state court's determination as to the credibility of counsel's version of the events is a factual finding, and is, therefore, entitled to a presumption of correctness under AEDPA. I have examined the Superior Court's decision, and believe that its application of the state equivalent of the *Strickland* standard is within the bounds of reasonableness. Therefore, the state court's rejection of Petitioner's first ineffective assistance of counsel claim must be respected under AEDPA. Mr. León is not entitled to habeas relief on this claim.

## RECOMMENDATION

Consistent with the above discussion, it is recommended that Petitioner's habeas petition, filed under 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING.  It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE