```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN PEREZ LEON,                    :       CIVIL ACTION
        Petitioner,                 :
                                    :
        v.                          :
                                    :
L.P. BENNING, et al.,               :
        Respondents.                :       No. 02-CV-4267
```

**MEMORANDUM AND ORDER**

**J. M. KELLY, J.**                                    **FEBRUARY     , 2003**

Presently before the Court is the Report and Recommendation issued by Magistrate Judge M. Faith Angell ("Judge Angell"), to which no objections have been filed by habeas corpus Petitioner John Perez Leon ("Leon"). On May 10, 1999, Leon was tried before a jury in the Court of Common Pleas of Lancaster County ("Court of Common Pleas") for various state law violations in connection with an incident wherein a person was robbed at gunpoint and shot. Specifically, Leon was charged with: (1) Robbery; (2) Aggravated Assault; (3) Firearms Not To Be Carried Without a License; and (4) Persons Not To Possess Firearms. On the second day of trial, after the Commonwealth of Pennsylvania had presented some of its witnesses, Leon tendered a negotiated guilty plea to the charges of robbery, aggravated assault and firearms not to be carried without a license.[1] Pursuant to the plea agreement, Leon was sentenced to a term of imprisonment for

---

[1] A nolle prosequi was entered on the charge of persons not to possess firearms.

an aggregate of not less than five years and no more than 12 years.  Leon did not file a direct appeal, but, rather, on September 27, 1999, initiated a pro se petition for relief under Pennsylvania's Post Conviction Collateral Relief Act ("PCRA")[2] alleging that his attorney's ineffective representation induced him to enter into an unknowing and involuntary plea.  Specially, Leon contended that his attorney at trial failed to notify him that scheduled alibi witnesses were available to testify, and maintained that counsel did not adequately cross-examine Commonwealth witnesses.

On July 27, 2000, the Court of Common Pleas denied Leon relief under the PCRA, prompting him to appeal his ineffective counsel claims to the Superior Court of Pennsylvania ("Superior Court").  On April 25, 2002, the Superior Court determined that Leon's claims of ineffective assistance of counsel lacked arguable merit and affirmed the judgment of the Court of Common Pleas.  Leon did not seek allocator to the Pennsylvania Supreme Court, but, on June 24, 2002, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

We agree with the analysis presented and conclusions drawn in Judge Angell's Report and Recommendation and must therefore

---

[2]   See 42 Pa. Stat. §§ 9541-46.

deny Leon's request for habeas relief.  As a preliminary matter, we acknowledge that although Leon did not pursue an appeal of his PCRA claim to the Pennsylvania Supreme Court, he properly exhausted the remedies available in the state courts as required by 28 U.S.C. § 2254(b).[3]  Petitioners seeking habeas relief in the federal courts traditionally must first present all constitutional claims to the highest state tribunal.  However, on May 9, 2000, the Superior Court issued Order 218, which dispensed with the requirement of pursuing discretionary appellate relief before the Pennsylvania Supreme Court and provided that a petitioner has effectively exhausted available state remedies for purposes of federal habeas relief upon presenting the claim to the Superior Court.[4]  See Wenger v. Frank, 266 F.3d 218, 224-

---

[3] Section 2254(b) states, in pertinent part,:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State. . .

28 U.S.C. § 2254 (b)(1)(A).

[4] Order 218 provides:

AND NOW, this 9th day of May, 2000, we hereby recognize that the Superior Court of Pennsylvania reviews criminal as well as civil appeals.  Further, review of a final order of the Superior Court is not a matter of right, but of sound judicial discretion, and an appeal to this Court will only be allowed when there are special and important reasons therefor.  Pa.R.A.P. 1114.  Further, we hereby recognize that criminal and post-conviction relief litigants have petitioned and do

25 (3d Cir. 2001), cert. denied, Wenger v. Kyler, 535 U.S. 957 (2002); Lambert v. Blackwell, 175 F. Supp. 2d 776, 784-85 (E.D. Pa. 2001); Mattis v. Vaughn, 128 F. Supp. 2d 249, 260-61 (E.D. Pa. 2001); Blasi v. Attorney General of the Commonwealth of Pennsylvania, 120 F. Supp. 2d 451, 466 (M.D. Pa. 2000). We find that since Order 218 applies, Leon's ineffectiveness of counsel claims presented on PCRA appeal to the Superior Court are technically exhausted for federal habeas purposes.

In his petition for habeas relief, Leon maintains an ineffective assistance of counsel claim grounded on two allegations. First, Leon contends that his attorney, during the

---

routinely petition this Court for allowance of appeal upon the Superior Court's denial of relief in order to exhaust all available state remedies for purposes of federal habeas corpus relief.

In recognition of the above, we hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been presented to the Superior Court, or to the Supreme Court of Pennsylvania, and relief has been denied in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief. This Order shall be effective immediately.

See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (per curiam).

trial, incorrectly informed him that his alibi witnesses were unavailable to testify, when, in fact, they were present in the courthouse and able to testify.  We agree with Judge Angell's conclusion that, under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[5] the Superior Court's decision was neither "contrary to" nor an "unreasonable application" of United States Supreme Court precedent.

Under the two-prong Strickland v. Washington standard, a petitioner must demonstrate that (1) counsel's performance was "deficient," in that it fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the petitioner.  See 466 U.S. 668, 687 (1984).  To establish prejudice, the petitioner must demonstrate a reasonable probability that, but for the inadequate representation, the result would have been different.  See id. at 694.  The Superior

---

[5]  Since Leon's habeas petition was filed after AEDPA's effective date, its provisions govern our review.  AEDPA provides that federal habeas relief should not be granted on a claim that was decided on the merits in the State court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Court maintained that Leon could only challenge the validity of a guilty plea on the basis of an ineffective assistance of counsel claim provided the ineffective counsel caused an involuntary or unknowing plea.  We agree with the Superior Court's belief that neither prong of the Commonwealth's equivalent of the <u>Strickland</u> standard was met, and, conclude that its decision was within the bounds of reasonableness.  <u>See</u> <u>Bowen v. Blaine</u>, Civ. A. No. 00-4498, 2003 U.S. Dist. LEXIS 2053, at *37 (E.D. Pa. Feb. 5, 2003). Since the Superior Court's decision is neither contrary to, nor an unreasonable application of, federal law, we conclude that Leon is not entitled to habeas relief on this ground.

Second, Leon asserts that his attorney failed to cross-examine Commonwealth witnesses adequately.  However, Leon fails to point to any evidence to support this claim.  Moreover, even had Leon provided this Court with some proof of his attorney's substandard cross-examination of Commonwealth witnesses, Judge Angell is correct in determining that since this issue was rejected by the Superior Court on an adequate and independent state procedural rule, it is not properly reviewable for federal habeas relief.  Although Leon presented this claim in his PCRA petition, the Superior Court stressed that inadequately briefed issues are ineligible for appellate review and summarily refused to reach the merits of Leon's "wholly undeveloped" ineffectiveness of counsel claim.  <u>See</u> <u>Commonwealth of</u>

Pennsylvania v. Leon, No. 1446 MDA 2000 (Pa. Super. Ct. 2002).

Pursuant to Pennsylvania Rule of Appellate Procedure 2101, Pennsylvania state appellate courts have routinely quashed appeals for the petitioner's failure to include "material sections of the brief which facilitate appellate review." See Pennsylvania v. Drew, 510 A.2d 1244, 1245-46 (Pa. Super. Ct. 1986) (listing cases that rely on Rule 2101 to quash appeals for noncompliance). Since the Superior Court rejected this ineffective assistance of counsel claim on a state procedural ground, Leon's allegation that his attorney failed to cross-examine Commonwealth witnesses adequately is procedurally defaulted. In order to overcome a procedural default, a habeas petitioner must demonstrate cause for the default and the resulting prejudice to the petitioner, or prove that the failure to consider the federal habeas claim constitutes a "fundamental miscarriage of justice." See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 226 F.3d at 224; Bowen, 2003 U.S. Dist. LEXIS 2053, at *10; Mehta v. Walter, Civ. A. No. 00-4226, 2001 U.S. Dist. LEXIS 11459, at *8-9 (E.D. Pa. Aug. 1, 2001). Since Leon does not provide this Court with any evidence sufficient to excuse this procedural default, his allegation that his attorney failed to cross-examine Commonwealth witnesses adequately, cannot be reviewed on federal habeas grounds.

Based on the reasons set forth above, it is **ORDERED** that the Report and Recommendation issued by Magistrate Judge M. Faith Angell (Doc. No. 6), to which no objections have been filed, is **APPROVED** and **ADOPTED** and the Petition for Habeas Corpus filed by Leon is **DENIED**.

BY THE COURT:

_____
JAMES McGIRR KELLY, J.